# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION

| | |
|---|---|
| Mario Petruzzo,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>Macy's, Inc. d/b/a Macy's Credit Card Service,<br><br>　　　　　　Defendant. | Civil Action No.:  7:13-cv-00031-BO<br><br>**FIRST AMENDED COMPLAINT** |

　　　　For this First Amended Complaint, the Plaintiff, Mario Petruzzo, by undersigned counsel, states as follows:

## JURISDICTION

　　　　1.　　This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

　　　　2.　　Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

　　　　3.　　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

　　　　4.　　The Plaintiff, Mario Petruzzo ("Plaintiff"), is an adult individual residing in Ocean Isle Beach, North Carolina, and is a "person" as defined by 47 U.S.C. § 153(10).

　　　　5.　　Defendant Macy's, Inc. d/b/a Macy's Credit Card Service ("Macy's"), is a Delaware business entity with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

## FACTS

6. Within the last four years, Defendant contacted Plaintiff by placing calls to Plaintiff's cellular phone.

7. Macy's contacted Plaintiff in an attempt to collect a financial obligation allegedly owed by Plaintiff to Macy's (the "Debt").

8. At all times herein mentioned, Macy's contacted Plaintiff using an automatic telephone dialing system (ATDS") and/or by using a prerecorded or artificial message on a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

9. Macy's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

10. When Plaintiff answered the calls from Macy's, he often times heard dead air and it took a period of time before Plaintiff was connected to a live representative.

11. Occasionally, Macy's calls terminated when Plaintiff answered the calls.

12. When Plaintiff spoke to a live representative from Macy's, he advised that he was in poor health and had no ability to pay the Debt, and requested that Macy's cease all calls to him.

13. Macy's advised Plaintiff that the calls would not cease until such time as Plaintiff paid the Debt.

14. Thereafter, the calls from Macy's continued at an excessive and harassing rate.

15. Plaintiff demanded on multiple occasions that Macy's stop the calls, but each time was advised by Macy's that the calls would not stop unless Plaintiff remitted payment.

# COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Plaintiff is informed and believes and alleges that he never provided express consent to Macy's to be called on his cellular telephone number.

18. If at one time Macy's had express consent call Plaintiff on his cellular telephone number, Plaintiff revoked his consent to be contacted by his repeated demands to Macy's to cease the calls.

19. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA, pursuant to 47 U.S.C. § 227, *et. seq*.

21. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

# COUNT II

# VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT,

# N.C. Gen.Stat. § 75-50, et seq.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Plaintiff is a "consumer" as the term is defined by N.C. Gen.Stat. § 75-50(1).

25. The Plaintiff incurred a "debt" as the term is defined by N.C. Gen.Stat. § 75-50(2).

26. The Defendant is a "debt collector" as the term is defined by N.C. Gen.Stat. § 75-50(3).

27. The Defendant's conduct violated N.C. Gen.Stat. § 75-52 in that by placing excessive and harassing calls after Plaintiff's repeated requests to cease all calls, Defendant used conduct the natural consequence of which is to oppress, harass, or abuse the Plaintiff in connection with the attempt to collect the Debt.

28. The Defendant's conduct violated N.C. Gen.Stat. § 75-52(3) in that Defendant caused a telephone to ring or engaged the Plaintiff in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the person under the circumstances or at times known to be times other than normal waking hours of the person.

# PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Actual damages pursuant to N.C. Gen.Stat. § 58-70-130(a);

4. Statutory damages in the maximum amount of $4,000.00 for each violation pursuant to N.C. Gen.Stat. § 58-70-130(b); or N.C. Gen.Stat. § 75-56;

5. Attorney's fees pursuant to N.C.G.S. § 75-16.1;

6. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent North Carolina state law violations in an amount to be determined at trial for the Plaintiff;

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 26, 2013

            Respectfully submitted,

            By: ___/s/ Ruth M. Allen_____

            Ruth M. Allen, Esq.
            Bar Number: 34739
            Ruth Allen Law, PLLC
            7413 Six Forks Road, Suite 326
            Raleigh NC 27615
            Email: rallen@lemberglaw.com
            Telephone: (855) 301-2100 Ext. 5536
            Facsimile: (888) 953-6237
            Attorney for Plaintiff

            Of Counsel To:

            Sergei Lemberg, Esq.

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

## CERTIFICATE OF SERVICE

      I hereby certify that on March 26, 2013 a true and correct copy of the foregoing First Amended Complaint was filed with the Clerk of Court for the United States District Court for the Eastern District of North Carolina using the CM/ECF system, which sent notice to the following parties listed below:

Samuel H. MacRae, Esq.
MacRae Law Firm, PLLC
307 N. 5th Street
Wilmington, NC 28401
Attorney for Defendant

                                                                           /s/Ruth M. Allen
                                                                         Ruth M. Allen, Esq.